IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ACUITY, a Wisconsin mutual insurance company, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVE DUNHAM d/b/a DUNHAM CONSTRUCTION, | ) |
| | ) |
| *Defendant*. | ) |

**COMPLAINT FOR RESCISSION OR, IN THE ALTERNATIVE, FOR DECLARATORY JUDGMENT (28 USC 2201 *et seq.*)**

Now comes the Plaintiff, ACUITY, a Wisconsin mutual insurance company ("Acuity"), by and through its attorneys Joseph P. Postel and Brendan C. Ross of Lindsay, Pickett & Postel, LLC, and brings this Complaint against the Defendant STEVE DUNHAM d/b/a DUNHAM CONSTRUCTION ("Dunham").

**Nature of the Action**

1.  In this action, Acuity seeks a judgment of rescission with respect to a business insurance policy that it issued to Dunham, on the grounds that he made material misrepresentations in his application for insurance. In the alternative, Acuity seeks a judgment finding and declaring that it owes no duty to defend or indemnify Dunham with respect to a certain action brought by non-parties Jonathan and Jenayah Gremore ("the Gremores") in the Fountain Circuit Court in Indiana ("the Gremore lawsuit" or "the Gremore complaint"), on the grounds that the Gremore complaint does not allege "property damage" caused by an "occurrence," as is required for coverage under the Acuity policy, or in the alternative, that any coverage is eliminated by an exclusion for damage to the

insured's work.  Acuity also relies on an endorsement adding a provision addressing "concealment, misrepresentation or fraud."

### The Parties

2.     Acuity is a mutual insurance company organized under the laws of Wisconsin, with its principal place of business in Sheboygan, Wisconsin.  Acuity is a citizen of Wisconsin.

3.     Dunham is an individual residing and doing business in Perrysville, Vermillion County, Indiana.  Dunham is a citizen of Indiana.  He submitted himself to the jurisdiction of an Illinois court when he retained an insurance agent in Danville, Illinois to prepare and submit an application for an insurance policy.  That application and that policy are the subjects of this action.

### Nonjoinder of Certain Parties

4.     The Gremores are residents of Fountain County, Indiana, and are the plaintiffs in the Gremore lawsuit.  They have not been joined because Acuity believes that they have done nothing that would submit them to the jurisdiction of an Illinois court, and that therefore, this court does not have personal jurisdiction over them.  Plaintiff will provide notice of this suit to the Gremores by mailing a copy to their lawyer, Ethan Myers of Covington, Indiana, who filed the Gremore complaint, and advising him of the Gremores' right to petition this court for leave to intervene in this action, should they choose to do so.

### Jurisdiction and Venue

5.     The plaintiff and the defendant are citizens of different states (Wisconsin and Indiana, respectively), so diversity of citizenship exists.

6. The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint seeks no monetary damages, the effect of granting the relief sought herein would be to eliminate coverage for a loss exceeding $75,000 in value, exclusive of interest and costs, plus defense costs. The Gremores' complaint, at ¶ 17, alleges damages of $224,251.77.

7. This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

8. Venue is proper under 28 U.S.C. §1391 because a substantial part of the transaction that is the subject of this action occurred within the Central District of Illinois, Urbana Division, specifically, the policy was applied for and procured through an insurance agency in Danville, Illinois, which lies within the Urbana division of this judicial district.

9. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

### The Underlying Lawsuit

10. On October 21, 2019, the Gremores filed a complaint against Dunham in the Fountain Circuit Court, Fountain County, Indiana, cause no. 23C01-2210-PL-000343, styled *Jonathan and Jenayah Gremore, Plaintiffs, v. Steve Dunham d/b/a Dunham Construction* ("the Gremore lawsuit" or "the Gremore complaint"). The Gremore complaint is attached hereto as **Exhibit A**.

11. The Gremore complaint alleges at ¶¶1-17 that, *inter alia*, the Gremores hired Dunham in the summer of 2019 to complete various construction projects on property they owned in Covington, Indiana, including an addition and new basement, that he began

working on the project thereafter, that in November 2019, the Gremores learned that the basement walls constructed by Dunham had collapsed when he attempted to backfill the surrounding holes created to build the walls, that he did not immediately fix the basement walls and water seeped in, damaging the contents of the basement, that in January 2022, the Gremores hired Unique, LLC, another contractor, to backfill the dirt around the foundation so they could finish the house and move in, that shortly after backfilling dirt around the foundation, the basement walls collapsed again, that other experts consulted by the Gremores informed them that the walls were improperly constructed, never reinforced with concrete, and improperly grouted with mortar that was not mixed to withstand the load of the house, that Dunham abandoned the project after being confronted about this issue, and his work was faulty, of poor craftsmanship and would need to be redone, as a result of which the Gremores suffered at least $224,251.77 in damages.

12.     The Gremore complaint seeks damages under theories of Breach of Contract (Count I), Violation of the Indiana Home Improvement Contracts Act (Count II), and Unjust Enrichment (Count III).

### Dunham's Application for Insurance with Acuity

13.     On or about September 21, 2021, Dunham retained independent insurance agent Epic Insurance Midwest in Danville, Illinois ("Epic") to obtain insurance coverage for his business.

14.     On behalf of Dunham, Epic submitted an application for insurance to Acuity on or about September 21, 2021.  A copy of that application is attached hereto as **Exhibit B**.

15. In preparing and submitting the application, Epic acted solely as the agent of Dunham, and the statements in the application are attributable to Dunham.

16. The application asked, *inter alia*, for the applicant to disclose its loss history, and Dunham and/or Epic as Dunham's agent answered, "No Claims within the past 3 years."

17. The statement, "No Claims within the past 3 years" was false. In fact, Dunham had had two claims in the last three years in connection with the Gremores' house alone: on November 5, 2020 for a "concrete block wall collapsed," and on May 8, 2021 for theft of building materials. These claims were reported when Dunham was insured with another carrier.

18. The statement, "No Claims within the past 3 years" was made either with intent to deceive, or it materially affected either the acceptance of the risk or the hazard assumed by Acuity, in that had Acuity known of the claims pertaining to the Gremores' house, it would not have issued an insurance policy to Dunham or it would have charged a higher premium.

19. Additionally, the application asked if Dunham used subcontractors, and Dunham and/or Epic as Dunham's agent checked the box for "no."

20. That statement was false because in fact, Dunham had used a subcontractor named Chris Fortner to construct the basement walls at the Gremores' home—the very basement wall(s) that collapsed in November 2020.

21. The statement that "no subcontractors were used" was made either with intent to deceive, or it materially affected either the acceptance of the risk or the hazard

5

assumed by Acuity, in that had Acuity known that Dunham used a subcontractor, it would not have issued an insurance policy to Dunham or it would have charged a higher premium.

22. On account of one or all of the foregoing misrepresentations by Dunham and/or Epic on Dunham's behalf, Acuity is entitled to rescind its policy. Acuity stands ready to refund Dunham's premium in connection with the rescission sought in this complaint.

### The Acuity Policy

23. Acuity issued a business liability policy to Dunham, policy number ZK9726, effective September 23, 2021, to September 23, 2022, with a $1,000,000 per occurrence liability limit ("the policy" or "the Acuity policy"). The policy was renewed, but was then cancelled effective October 7, 2022 due to material misrepresentations on the application. A true and correct copy of the Acuity policy is attached hereto as **Exhibit C.**

24. The Acuity policy contains, *inter alia*, the following relevant terms:

**LIABILITY AND MEDICAL EXPENSES COVERAGES**

**1.** **Business Liability**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury, property damage* or *personal and advertising injury* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury, property damage* or *personal and advertising injury* to which this insurance does not apply.\*\*\*

    **b.** This insurance applies:

        (1) To *bodily injury* and *property damage* only if:

> (a) The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the *coverage territory*; and
>
> (b) The *bodily injury* or *property damage* occurs during the policy period.

***<br>**EXCLUSIONS**

**1.   Applicable to Business Liability Coverage**

**This Insurance does not apply to:*****

  **k.**  Damage to Property

    *Property damage* to:***

    (5) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the *property damage* arises out of those operations; or

    (6) That particular part of any property that must be restored, repaired or replaced because *your work* was incorrectly performed on it.***

    Paragraph (6) of this exclusion does not apply to *property damage* included in the *products-completed operations hazard*.***

  **m.**  Damage to Your Work

    *Property damage* to your work arising out of it or any part of it and included in the *products-completed operations hazard*.

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

* * *

**LIABILITY AND MEDICAL EXPENSES DEFINITIONS*****

  **13.** *"Occurrence"* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.***

7

16. *"Products-completed operations hazard"*:

   a. Includes all *bodily injury* and *property damage* occurring away from premises you own or rent and arising out of *your product* or *your work* except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, *your work* will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed.

         (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

         (c) When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

         Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.\*\*\*

17. *"Property damage"* means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.\*\*\*

22. *"Your work"* means:

   a. Work or operations performed by you or on your behalf; and

   b. Materials, parts or equipment furnished in connection with such work or operations.

*Your work* includes:

> a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your work; and
>
> b. The providing of or failure to provide warnings or instructions.

\*\*\*

The Acuity policy also contains the Indiana Changes - Concealment, Misrepresentation or Fraud endorsement IL-0156F(11-17), which provides:

**CONCEALMENT, MISREPRESENTATION OR FRAUD**

> A. We will not pay for any loss or damage in any case of:
>
>> 1. Concealment or misrepresentation of a material fact; or
>>
>> 2. Fraud, committed by an insured at any time and relating to a claim under this policy.

25. There may be other relevant policy provisions on the basis of which Acuity can assert that it does not owe a duty to defend or indemnify Dunham with respect to the Gremore lawsuit, and Acuity reserves the right to plead them in the future.

**Count I**
**Rescission**

26. Acuity restates and incorporates the allegations of paragraphs 1 through 25, above as if set forth fully herein.

27. Acuity is entitled to rescind the policy based on the misrepresentations identified in this complaint.

28. Acuity stands ready to refund Dunham's premium in the event that this court grants rescission.

WHEREFORE, the plaintiff Acuity, a mutual insurance company, prays that this Honorable Court enter a judgment declaring that the policy Acuity issued to Dunham be

9

rescinded and held void *ab initio*, and for such other and further relief as this Court deems appropriate and just under the circumstances.

### Count II
### In the Alternative to Count I
### Declaratory Judgment

29. Acuity restates and incorporates the allegations of paragraphs 1 through 28, above, as if set forth fully herein.

30. Acuity owes no duty to defend or indemnify Dunham for one or more of the following reasons:

   a. The Gremore complaint does not allege "property damage" caused by an "occurrence."

   b. In the alternative to ¶ 30a, the policy's exclusion for "damage to property" negates any duty to defend or indemnify.

   c. In the alternative to ¶ 30b, the policy's exclusion for "damage to your work" negates any duty to defend or indemnify.

   d. The policy's Concealment, Misrepresentation or Fraud provision negates any duty to defend or indemnify.

31. There may be other bases on which Acuity can properly deny coverage to Dunham, and Acuity reserves the right to plead them in the future.

**WHEREFORE**, the plaintiff, Acuity, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify the defendant Steve Dunham with respect to the underlying lawsuit, and for such other and further relief as this Court deems appropriate and just under the circumstances.

                Respectfully submitted,
                LINDSAY, PICKETT & POSTEL, LLC


                By:   /s/ Joseph P. Postel
                     Attorney for Plaintiff  ACUITY, a mutual insurance company

Joseph P. Postel
ARDC # 6189515
jpostel@lpplawfirm.com
312-800-6008
Brendan C. Ross
ARDC # 6310042
bross@lpplawfirm.com
312-725-5202
Lindsay, Pickett & Postel, LLC
200 W. Madison St., Suite 3850
Chicago, Illinois 60606